IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____X
NGM INSURANCE COMPANY, formerly known
as National Grange Mutual Insurance Company,
a/s/o Donald and Barbara Gray
4601 Touchton Road East                                              CIVIL ACTION
Suite 3400
Jacksonville, FL 32246

                                                                                                         JURY TRIAL DEMANDED

                                Plaintiff,
        vs

MAYTAG CORPORATION
403 W. 4th Street
Newton, IA 50208


                                Defendant.
_____X


## DISCLOSURE STATEMENT PURSUANT TO F.R.C.P 7.1

**PLEASE TAKE NOTICE,** that NGM Insurance Company, a/s/o Donald and Barbara Gray, Plaintiff in the above captioned action, hereby discloses pursuant to Rule 7.1 of the Federal Rules of Civil Procedure that it is a wholly owned subsidiary of Main Street America Holdings, Inc. and American Enterprises Holdings, Inc.

These representations are made in order that judges of this court may determine the need for recusal.

DATED:  NEW YORK, NY
            October 25, 2006

                                      Respectfully submitted,

                                      COZEN O'CONNOR


                                      BY:   s/ Peter G. Rossi
                                          PETER G. ROSSI
                                          MATTHEW F. NOONE
                                          45 Broadway
                                          New York, New York 10006
                                          (212) 509-9400 (tel)
                                          (212) 509-9492 (fax)
                                          prossi@cozen.com

                                      Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____X
NGM INSURANCE COMPANY, formerly known
as National Grange Mutual Insurance Company,
a/s/o Donald and Barbara Gray
4601 Touchton Road East                              CIVIL ACTION
Suite 3400
Jacksonville, FL 32246

                                                                           JURY TRIAL DEMANDED
                              Plaintiff,
        vs

MAYTAG CORPORATION
403 W. 4th Street
Newton, IA 50208


                              Defendant.
_____X

## **COMPLAINT**

      NGM Insurance Company, by way of Complaint alleges and says:

### **I.  PARTIES**

      1.      Plaintiff, NGM Insurance Company, is a corporation duly organized and existing under the laws of the State of New Hampshire, with its principal place of business located at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida, 32246, and at all times relevant hereto was duly authorized to issue insurance policies in the State of New York.

      2.      At all times hereinafter mentioned, Donald and Barbara Gray were the owners of the property located at 365 Long Road, East Berne, NY.  The Grays were insured through a policy of insurance issued by Plaintiff, which insured them against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and extra expense.

3.      Defendant Maytag Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 403 W. 4th Street, Newton, Iowa, 50208, and at all times material herein was engaged in the design, manufacture, assembly, sale and supply of clothes dryers.

## II.  JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

5.      Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## III.  FACTUAL ALLEGATIONS

6.      The Grays purchased a Maytag dryer in January 2004.

7.      The dryer, at all times relevant hereto, was manufactured, designed, assembled and/or supplied by Maytag Corporation.

8.      On November 5, 2005, a fire originated in the dryer due entirely to the defective condition of the Maytag dryer contained therein, which fire caused extensive damage to the real and personal property of plaintiff's insured and caused them to sustain extra expenses.

9.      At all times material, plaintiff's insured employed the Maytag dryer for the use for which it was intended, in the absence of any abuse and/or misuse.

10.     As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff has paid its insureds, Donald and Barbara Gray, the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the additional living and extra expenses incurred by the insureds on account of the fire.  As a result of said

payments, Plaintiff is both legally and equitably subrogated to any and all claims that the insureds may have against the Defendant.

## **COUNT I**
(negligence)

11. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 10 hereof as though each were fully set forth at length herein.

12. The fire referred to in paragraph 8 above and consequent damage and destruction to the Grays' property was caused by the negligence, carelessness, gross negligence and negligent omissions of defendant Maytag Corporation, its agents, servants and/or employees in:

(a) improperly designing a dryer which allowed lint to come in contact with a competent ignition source;

(b) designing a dryer that allows the lint from clothes to collect in an area where it can be ignited by a competent ignition source;

(c) designing a dryer that allows lint to collect in an area where it cannot be cleaned by a user, and where the accumulated lint is potentially ignitable by the heating coils;

(d) failing to include warnings in the dryer user manual that lint can accumulate in an area where it can be ignited by the heating coils, and about the need to remove lint from this area; and

(e) failing to design a dryer that is able to contain a fire originating within the dryer; and

(f) supplying a defectively manufactured and/or designed product which it knew or should have known subjected plaintiff's property to an unreasonable risk of harm;

13. By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of defendant Maytag Corporation, the fire referred to in paragraph 8 took place and resulted in damage and destruction to plaintiff's property.

WHEREFORE, plaintiff NGM Insurance Company demands judgment against defendant Maytag Corporation in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

## **COUNT II**
(products liability)

14. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 13 hereof as though each were fully set forth at length herein.

15. The fire referred to in paragraph 8 above and consequent damage and destruction to plaintiff's property was caused by defendant's actions for which it is strictly liable under sec. 402(A) of the Restatement (Second) of Torts in:

   (a) improperly designing a dryer which allowed lint to come in contact with a competent ignition source;

   (b) designing a dryer that allows the lint from clothes to collect in an area where it can be ignited by a competent ignition source;

   (c) designing a dryer that allows lint to collect in an area where it cannot be cleaned by a user, and where the accumulated lint is potentially ignitable by the heating coils;

   (d) failing to include warnings in the dryer user manual that lint can accumulate in an area where it can be ignited by the heating coils, and about the need to remove lint from this area; and

   (e) failing to design a dryer that is able to contain a fire originating within the dryer; and

   (f) supplying a defectively manufactured and/or designed product which it knew or should have known subjected plaintiff's property to an unreasonable risk of harm;

16. By reason of the aforesaid actions of defendant for which it is strictly liable under sec. 402(A) of the Restatement (Second) of Torts, the fire referred to in paragraph 8 above took place and resulted in damage and destruction to plaintiff's property.

WHEREFORE, plaintiff NGM Insurance Company demands judgment against defendant Maytag Corporation in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

## COUNT III
(breach of warranties)

17.     Plaintiff incorporates by reference herein the averments in paragraphs 1 through 16 hereof as though each were fully set forth at length herein.

18.     In designing, manufacturing, supplying and selling the aforesaid dryer, defendant Maytag Corporation expressly and/or impliedly warranted that the dryer was fit for a particular purpose and the ordinary use for which it was intended and was of good and merchantable quality.

19.     Defendant Maytag Corporation breached the aforesaid warranties by designing, manufacturing, supplying and selling the aforesaid dryer in a condition which rendered it unfit for a particular purpose, unfit for the ordinary use for which it was intended, and not of good and merchantable quality.

20.     The damages sustained by plaintiff were caused by the aforesaid breaches of warranties by defendant Maytag Corporation.

21.     Upon discovery of the aforesaid breaches of warranties and resulting loss, plaintiff gave prompt and reasonable notice to defendant, but defendant has refused to reimburse plaintiff for the aforementioned damage.

22.     By reason of the aforesaid breaches of warranties, the fire referred in paragraph 8 above took place and resulted in damage and destruction to plaintiff's property.

WHEREFORE, plaintiff NGM Insurance Company demands judgment against defendant Maytag Corporation in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and such further relief as the Court may deem appropriate.

DATED:  NEW YORK, NY
        October 16, 2006

                                Respectfully submitted,

                                COZEN O'CONNOR

                                BY:   s/ Peter G. Rossi
                                    PETER G. ROSSI
                                    MATTHEW F. NOONE
                                    45 Broadway
                                    New York, New York 10006
                                    (212) 509-9400 (tel)
                                    (212) 509-9492 (fax)
                                    prossi@cozen.com

                                Attorneys for Plaintiff